In re WAIT.

Patent Appeal No. 3403.

Court of Customs and Patent Appeals.
Dec. 24, 1934.

George E. Tew, of Washington, D. C., and John C. Wait, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The application here involved is entitled "Improvements in Process of Vending."

The examiner rejected all the claims as being based upon an application containing no disclosure of an operative system, and also upon the ground of their being "drawn to a process of doing business which cannot form the subject matter of process claims."

The Board of Appeals, in effect, overruled the Examiner as to the first ground of rejection, but affirmed as to the second, and added:

"It is also our opinion that none of the claims is limited to a process which requires the exercise of invention."

From the Board's decision, appeal was taken to this court.

Seventeen process claims are presented. All of them are variations, with relatively minor limitations, of claim 1, which reads as follows:

"1. The process which comprises posting an offered figure for a commodity causing the figure to be visible at a remote point, contacting the stations of a buyer and a seller through a central point, causing such contact to be indicated at the point of posting and consummating a sale through such connection and removing said posted figure."

No references were cited, the rejection being based solely upon the grounds already stated.

Before this court there has been filed an elaborate and, we may add, a quite interesting brief in which a large number of authorities are cited and analyzed. There was also an oral argument on appellant's behalf, during the course of which it was suggested that an opportunity is here afforded this court to render a decision which might possibly clarify questions growing out of applications for patents relating to what is called "methods of doing business."

However inviting this field may be, the court does not deem it proper to deviate from its usual practice of determining only the relevant questions presented by the application actually before it, avoiding dicta in so far as possible.

From the recitals in the specification, we conclude that appellant expects his process to be used chiefly in connection with the business of buying and selling stocks and other commodities usually dealt in upon stock and commodity exchanges, and that through it there may be an elimination of brokers and like agents as well as quickly made and accurately kept records of the transactions which take place, together with other advantages.

It also appears with reasonable clearness that appellant expects his process to be carried out by means of an electrical system, through the medium of which, when prices at which stocks, commodities, and the like are offered for sale, or at which offers of purchase are made, are posted upon suitable devices at given points, such prices will be transmitted speedily to remote points and there posted upon suitable devices where they may be visualized by those interested. Also through the medium of the system, acceptances by those wishing to buy or sell may be speedily

transmitted to the proper point, and the system is to have the requisite means for accurately recording all necessary elements of the transactions.

That a physical system contrived to enable the carrying out of transactions such as those described might be patentable, in the absence of anticipatory prior art, is quite conceivable, but we have no such question before us here. The claims upon appeal (except certain claims which appellant sought to have inserted that are hereinafter dealt with) are process claims, and we find ourselves in agreement with the board's view that no claim is limited to a process which requires the exercise of invention.

The process, when analyzed carefully, appears to comprise, in its essence, nothing more than the advertising of, or giving publicity to, offers of purchase or sale by one party, the acceptance thereof by another, and the making of a record of the transaction followed by a withdrawal of the offer. Surely these are, and always have been, essential steps in all dealings of this nature, and even conceding, without holding, that some methods of doing business might present patentable novelty, we think such novelty is lacking here.

Concerning the process claims, we feel that the correct conclusion was reached by the Board of Appeals.

A second phase of the case relates to a matter of amendment.

The final rejection of appellant's process claims by the Examiner was on May 13, 1931, and appellant took no steps toward its further prosecution within the six-month period prescribed by the rules of the Patent Office. Accordingly, the application became abandoned.

On June 13, 1932, however, appellant filed a petition for a revival of the application, accompanying same with an affidavit showing that he had been the victim of a severe accident which had prevented activity on his part. On that same date he filed his appeal to the Board of Appeals, and also filed a motion to amend his application so as to include a series of apparatus claims.

On June 27, 1932, the Examiner made answer to the petition for revival in which answer it was stated that a verified showing to account for lack of prosecution accompanied same, and the petition was submitted without recommendation. As to the proposed amendment to include the apparatus claims, it was held:

"The amendment cannot be entered for the reason that the newly submitted claims are directed to an apparatus while the finally rejected claims are directed to a process. Under the provisions of Rule 68 of the Rules of Practice amendments touching the merits of an application if presented after the case is in condition for appeal may be admitted only upon a showing, duly verified, of good and sufficient reasons why they were not earlier presented."

On August 13, 1932, the petition for revival was granted by the Commissioner of Patents and the appeal was prosecuted in due course.

On September 26, 1932, an acting Examiner, not the Examiner who rendered the final decision of rejection, filed the usual statement elaborating the reasons for rejection. This statement inter alia recited the following:

"Applicant filed with his appeal an amendment adding claims 21 to 35 directed to the apparatus. These claims are refused entry for the reasons stated in the examiner's answer to the petition to revive. These claims are also rejectable as being based on an inoperative disclosure and the decision of this ground as to the appealed claim will also be applicable to these claims."

When the matter was carried before the Board of Appeals, appellant there sought consideration of the apparatus claims. The Board said:

"Appellant has requested consideration of additional claims and amendments but, following the practice set forth in Ex parte Moore, 1923 C. D. 13, we must decline to consider these matters."

In view of the fact that appellant did fail to comply with the provisions of rule 68 by showing any reasons why the claims were not earlier presented, it is apparent that the tribunals of the Patent Office were entirely justified in their actions upon them.

The decision of the Board of Appeals being, in our opinion, without error is affirmed.

Affirmed.